IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD WOS, | ) |
| | ) |
| Plaintiff, | ) No. 06 C 474 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| INTERNAL REVENUE SERVICE and, | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Richard Wos seeks a declaration that the Internal Revenue Service ("IRS") violated his constitutional rights when it determined his tax liability for 1996 and 1997 without conducting a face-to-face hearing, an injunction prohibiting the agency from levying against him until such a hearing occurs, and damages for its allegedly unlawful collection activities. The IRS has moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the reasons set forth below, the Court grants motion.

### Facts

On May 1, 2002, the IRS sent Wos a Notice of Deficiency for tax years 1996 and 1997, which he appealed. (Compl. ¶ 7.) While his appeal was pending, Wos received two notices of intent to levy from the IRS. (*Id.* ¶¶ 10, 11.) In response, Wos requested a verification of the amount of his tax liability and a collection due process hearing, during which he planned to challenge the IRS' attempts to levy against him while his appeal was pending. (*Id.* ¶ 12.)

1

On October 3, 2005, an IRS appeals officer sent Wos a letter stating that his requests for verification of the amount of tax liability and his claim that collection was barred pending his appeal were frivolous and he would not be given a face-to-face conference unless he limited his appeal to issues relevant to paying his taxes. (*Id.* ¶ 14.)

Subsequently, the IRS offered to hold a telephone hearing with Wos or to continue the hearing through correspondence but refused to meet with him in person to discuss challenges to the levy. (*Id.* ¶¶ 18, 20.) Apparently, Wos refused to participate in a telephonic hearing.

On December 27, 2005, the IRS issued a notice of determination of Wos' tax liability. (*Id.* ¶ 22.) The notice said that the agency believed proper procedures had been followed in Wos' case, he had not raised any valid challenges to the collection action and, thus, the IRS would not withdraw its notice of intent to levy. (*Id.*)

## Discussion

In ruling on a Rule 12(b)(1) motion to dismiss, the Court generally accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Capitol Leasing Co. v. F.D.I.C*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam). If, however, "a party properly raises a factual question concerning the [court's] jurisdiction . . . . [t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979) (footnote omitted). The burden of proving that jurisdiction exists rests with the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2002).

2

### Claims for Declaratory & Injunctive Relief

The government says this Court lacks subject matter jurisdiction over Wos' claims for declaratory and injunctive relief because such jurisdiction resides solely in the Tax Court. *See* 26 U.S.C. § 6330(d)(1) ("[A] person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."); *see also Voelker v. Nolen*, 365 F.3d 580, 581 (7th Cir. 2004) (per curiam) (affirming district court's dismissal of taxpayer's claims that the IRS violated his due process rights in connection with the determination of his income tax liability because "a case involving income taxes . . . must be filed in the Tax Court").

Wos does not dispute the government's interpretation of section 6330, but he says it does not apply. In his view, his claims for injunctive and declaratory relief are more in the nature of a quiet title action than a challenge to tax collection procedures. Because the government has waived its sovereign immunity to suits to "quiet title to . . . property on which the United States . . . claims a mortgage or other lien," 28 U.S.C. § 2410, Wos says this Court has jurisdiction over his claims.

The statute on which Wos relies, however, waives the government's immunity to claims that "challenge *the procedural validity* of a federal tax lien," not to those that "contest the existence or validity of the [underlying] tax assessment." *McCarty v. United States*, 929 F.2d 1085, 1087-88 (5th Cir. 1991) (per curiam) (emphasis added). A claim challenges the procedural validity of a lien if it "questions only the legality of the procedures used to enforce a tax lien." *Aqua Bar & Lounge, Inc. v. United States Dep't of Treasury Internal Revenue Serv.*, 539 F.2d 935, 939 (3rd Cir. 1976). Those procedures are set forth in sections 6331 and 6335 of the Tax Code and, among other things, require the IRS to: (1) give the taxpayer a written notice of intent to levy, containing specific information about the levy procedures, available appeals and redemption procedures, at least thirty days before

3

the levy; (2) investigate the status of the property to be levied, including verifying the taxpayer's liability, before making the levy; (3) give the taxpayer written notice of the seizure and sale of the property; (4) publish notice of the sale in local newspapers; and (5) follow certain procedures and timetables for conducting the sale. *See* 26 U.S.C. §§ 6331, 6335.

Wos does not allege that the government failed to comply with those requirements. Rather, he alleges that the lien is invalid because the assessment on which it is based is invalid. (*See* Compl. ¶¶ 7, 9, 12, 16, 19, 27-28.) Because Wos challenges the validity of the assessment, not the levy procedures, his suit does not fall within the immunity waiver of 28 U.S.C. § 2410.

Wos also argues that 28 U.S.C. § 1346(a)(1) waives the government's immunity to his claims. *See id.* ("The district courts shall have original jurisdiction . . . of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . ."). According to the Supreme Court, however, that statute must be read in conjunction with 26 U.S.C. § 7422, which requires taxpayers to exhaust administrative remedies before filing a refund suit. *United States v. Dalm*, 494 U.S. 596, 601-02 (1990); *see* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.") Wos has not offered any evidence that suggests he exhausted his administrative remedies. Thus, he has not established that 28 U.S.C. § 1346 gives the Court jurisdiction over his claims.

Alternatively, Wos argues that his claims for injunctive and declaratory relief are in the nature of a mandamus action for which 28 U.S.C. § 1361 provides jurisdiction. *See id.* ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). But "[m]andamus relief is available only if a plaintiff has exhausted all other avenues of relief." *Michael Reese Hosp. & Med. Ctr. v. Thompson*, 427 F.3d 436, 441 (7th Cir. 2005) (quotation omitted). Because Wos has not established that he exhausted his administrative remedies, the Court cannot entertain his mandamus action.

Wos also asserts that the Declaratory Judgment Act gives the Court jurisdiction over his claims. That Act, however, explicitly bars suits "with respect to Federal taxes." 28 U.S.C. § 2201(a); *see United States v. Teitelbaum*, 342 F.2d 672, 674 (7th Cir. 1965) ("Declaratory judgments in tax cases are forbidden by 28 U.S.C. § 2201.").[1] Thus, it does not provide a basis for the Court to exercise jurisdiction.

Wos' reliance on 28 U.S.C. § 2202 is also unavailing. That statute authorizes the Court to grant "[f]urther necessary or proper relief based on a declaratory judgment or decree." Because this section presupposes a declaratory judgment, which Wos cannot obtain, it does nothing to further his case.

Wos' next contention is that 28 U.S.C. § 2463 provides jurisdiction. That statute says: "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." *Id.* In the words of the *McCarty* court, however, "[a] taxpayer cannot rely on § 2463 to contest the right of the IRS to levy upon his property

---

[1] Likewise, 26 U.S.C § 7421 bars Wos' claims for injunctive relief. *See* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . .").

to collect a tax assessment." 929 F.2d at 1088. Thus, that statute does not provide a basis for the Court to exercise jurisdiction.

Lastly, Wos argues that the Administrative Procedures Act gives the Court jurisdiction over his claims for declaratory and injunctive relief. That Act permits "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" to seek judicial review of that action. 5 U.S.C. § 702. But the Act also says that it does not "affect[] other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground" or "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.* "The Anti-Injunction Act, 26 U.S.C. § 7421(a), and the tax exception clause of the Declaratory Judgment Act, 28 U.S.C. § 2201, bar the relief" Wos seeks. *McCarty*, 929 F.2d at 1088; *see Fostvedt v. United States*, 978 F.2d 1201, 1203-04 (10th Cir. 1992) ("Contrary to Petitioner's assertions, § 702 of the APA does not override the limitations of the Anti-Injunction Act and the Declaratory Judgment Act."). The APA does not, therefore, provide a basis for jurisdiction over Wos' claims.

### Damages Claim

Wos also asserts a damages claim under 26 U.S.C. § 7433 for the IRS' allegedly unauthorized collection actions. That statute, however, requires Wos to exhaust administrative remedies before filing a lawsuit. *See* 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); 26 C.F.R. § 301.7433-1(e) (describing the

remedies to be exhausted).[2] A "[f]ailure to exhaust deprives the court of jurisdiction" over a section 7433 damage claim. *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994). Because Wos has not established that he exhausted the administrative remedies available to him, the Court lacks jurisdiction over his damages claim as well.

## Conclusion

For the reasons set forth above, the Court grants the government's motion to dismiss this suit for lack of subject matter jurisdiction [doc. no. 10] and terminates this case.

SO ORDERED.  ENTERED: 11/30/07

HON. RONALD A. GUZMAN
United States District Judge

---

[2]The Secretary of the Treasury was authorized to issue these regulations by 26 U.S.C. § 7805. *See id.* ("[T]he Secretary shall prescribe all needful rules and regulations for the enforcement of this title . . . ."). In light of that authority, the Court "must defer to [the Secretary's] regulatory interpretations of the Code so long as they are reasonable." *Cottage Sav. Assn. v. Comm'r of Internal Revenue*, 499 U.S. 554, 560-61 (1991). Because "the plain meaning of [26 U.S.C. § 7433] supports . . . the regulation," the Court finds that the regulations are reasonable. *See Square D Co. & Subsidiaries v. Comm'r of Internal Revenue*, 438 F.3d 739, 744 (7th Cir. 2006).